NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3107

GARY A. YOUNG,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: September 11, 2006
_____

Before LOURIE, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Gary A. Young ("Young") petitions for review of the final order of the Merit Systems Protection Board ("Board"), denying corrective action in Young's individual right of action ("IRA") appeal. Young argues that the Department of the Army ("Agency") failed to promote him in retaliation for conduct protected under the Whistleblower Protection Act of 1989, codified at 5 U.S.C. § 2302(b)(8) (2000). We <u>affirm</u>.

## BACKGROUND

Young was originally employed by the Agency as a carpenter. After an on-the-job injury, he was reassigned in January 1993 as a safety technician at a GS-07 level. Between June 1993 and June 1994, Young testified that his supervisor, Rudolph Spencer ("Spencer"), requested that he do various home improvement projects and

other personal chores and in return promised to promote him to the GS-09 level. Spencer admitted that Young helped him with a few, but not all, of the personal chores alleged, but testified that Young volunteered to do so without being promised a promotion.

When he was not promoted, Young notified Spencer's superiors in 1997 about the alleged promise of promotion in exchange for personal services. He made similar complaints to the Inspector General's Office in 2000. Young was ultimately promoted to a GS-09 position in October 2002 after the Agency conducted an audit. This audit was in response to congressional inquiries sparked by Young's communications with his Senator's office. He voluntarily retired from federal service in June 2003.

In his IRA appeal filed with the Board on September 15, 2004, Young argued that the Agency violated the Whistleblower Protection Act ("WPA"). 5 U.S.C. § 2302(b)(8) (2000). Young alleged that the Agency failed to promote him to a GS-09 level from 1993 until 2002 because he reported Spencer's improper promise of a promotion in exchange for personal services.

After a hearing, the Administrative Judge ("AJ") concluded in a January 14, 2005, initial decision that the Board had jurisdiction because Board jurisdiction over a WPA claim exists when there are non-frivolous allegations that (1) the complaintant engaged in protected whistleblowing activity; and (2) that his protected conduct was a contributing factor in the agency's decision to take personnel action. On the merits, the AJ denied the request for corrective action, concluding both that Young had failed to prove by preponderant evidence that his disclosures were protected by the WPA and that any protected disclosure that occurred was not a contributing factor in the Agency's

failure to promote Young. Specifically, the AJ held that a subjective belief by Young that a promise of a promotion as a quid pro quo for personal services had occurred was insufficient; instead, the AJ required objective evidence of such a promise. Crediting testimony from Spencer that there was no promise of promotion, the AJ concluded that no protected disclosure occurred. The initial decision became final when the Board denied the petition for review on November 22, 2005.

Young timely filed his petition to this court on February 10, 2006. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

To establish a claim under the WPA, the claimant must show by preponderant evidence (1) that he made a disclosure described in 5 U.S.C. § 2302(b)(8); and (2) that the protected disclosure was a contributing factor in a personnel action taken against the claimant. Briley v. Nat'l Archives & Records Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001). Among other things, Section 2302(b)(8) protects "any disclosure of information by an employee . . . which the employee . . . reasonably believes evidences . . . an abuse of authority…." 5 U.S.C. §§ 2302(b)(8)(A)(ii) (2000). The Board correctly applied a disinterested observer test to determine whether Young had a reasonable belief that Spencer was abusing his authority. See Lachance v. White, 174 F.3d 1378, 1381 (Fed.

Cir. 1999). Applying this test, the Board resolved conflicting testimony from Young and Spencer based on their respective credibility and found that no promise of promotion in exchange for personal services occurred. Young thus had no reasonable basis for believing that such a promise had been made.

It is not our function to re-weigh the conflicting evidence, as "credibility determinations of an administrative judge are virtually unreviewable on appeal." <u>Bieber v. Dep't of Army</u>, 287 F.3d 1358, 1364 (Fed. Cir. 2002). The Board's conclusion that no promise of promotion in exchange for personal services occurred is supported by substantial evidence. Spencer's testimony, found credible by the Board, indicated that only a few instances of personal services occurred and that these were completely voluntary without any promise of promotion attached. This testimony was corroborated by testimony from a co-worker that employees in the office frequently provided personal assistance to each other.

Having sustained the Board's finding that no protected disclosure occurred, it is unnecessary for us to reach the question of whether the Board erred in finding that the protected disclosure was not a contributing factor in the personnel action.[1]

For the foregoing reasons, the Board's decision is affirmed.

COSTS

No costs.

---

[1] In his informal brief, Young claims that his own testimony at the hearing was negatively affected by the death of his mother the previous night. However, his counsel never asked to delay the hearing, and this argument does not provide any basis for reopening the proceedings.